IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| QBE INSURANCE CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> OCEAN KEYES DEVELOPMENT, LLC, ) <br> KEYE CONSTRUCTION CO., INC., ) <br> KEYE COMMUNITIES, LLC, PINE ) <br> BLUFF CONSTRUCTION CO., KEYE ) <br> REAL ESTATE, INC., RUSSELL ) <br> BALTZER, MARC HYMAN, BEACH ) <br> VILLAS AT OCEAN KEYES ) <br> PROPERTY OWNERS ASSOCIATION, ) <br> INC., SEASHORE VILLAS AT OCEAN ) <br> KEYES PROPERTY OWNERS ) <br> ASSOCIATION, INC., LAKESIDE ) <br> TOWNHOMES AT OCEAN KEYES ) <br> HORIZONTAL PROPERTY REGIME, ) <br> INC., LAKESIDE TOWNHOMES AT ) <br> OCEAN KEYES PROPERTY ) <br> OWNERS ASSOCIATION, INC., ) <br> HARPER OCEAN KEYES, LLC, ) <br> ROBERT F. MCKENNA, OLGA R. ) <br> MCKENNA, ROBERT W. DINSMORE, ) <br> AND LUTHER A BEAZLEY, III, ) <br> Trustee of The Luther A. Beazley ) <br> Revocable Trust, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 4:17-cv-01611-RBH <br><br> **ORDER** |

Currently pending before this Court is a Motion to Dismiss or, In the Alternative Stay Proceedings (the "Motion") filed by Defendants Marc Hyman, Keye Communities, LLC ("Keye Communities"), Keye Construction Company, Inc. ("Keye Construction"), Ocean Keyes Development, LLC ("Ocean Keyes"), Pine Bluff Construction Co. ("Pine Bluff"), and Keye Real

Estate, Inc. ("Keye Real Estate") filed on July 27, 2017. [ECF #25]. On August 7, 2017, Defendants Ocean Keyes Property Owners Association, Inc. and Seashore Villas at Ocean Keyes Property Owners Association, Inc. each filed responses in support of this Motion. [ECF #30; ECF #31]. On August 10, 2017, Plaintiff QBE Insurance Corporation filed its Response in Opposition to the Motion. [ECF #32]. All parties have had the opportunity to extensively brief the issues raised in the Motion, and this Court has thoroughly considered all pleadings filed in this case.[1] This matter is now before the Court.

## Factual Background and Procedural History

Defendant Ocean Keyes is engaged in real estate development and developed a community known as "Ocean Keyes Resort", which includes the communities Beach Villas, Lakeside Townhomes, and Seashore Villas Associations and buildings located in North Myrtle Beach, South Carolina. Since 2014, Ocean Keyes, Keye Construction, and several of the other moving Defendants have been sued by various property owners in these communities who all allege certain structural defects. These lawsuits were all filed in state court. On June 20, 2017, Plaintiff QBE Insurance Corporation ("QBE") filed this declaratory judgment action against the named Defendants, seeking to resolve insurance coverage issues related to these alleged construction and design defects of several condominium projects. [ECF #1]. Plaintiff QBE seeks both declaratory and nondeclaratory relief. It seeks a declaration from this Court that it does not have a duty to defend or indemnify Defendants under the terms of the insurance policies at issue in this case,

---

[1] Under Local Civil Rule 7.09 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs, the Court finds that a hearing is not necessary.

2

and further, that certain Defendants are not "insured" under the terms of the QBE policies. [ECF #1, pp. 23-24]. It also seeks nondeclaratory relief through rescission of the QBE policies involved in these lawsuits based on alleged misrepresentations made in the application for insurance, and seeks to recover its attorney's fees and costs associated with defending the underlying lawsuits. [ECF #1, p. 24].

Defendants are currently involved in several lawsuits pending in the Fifteenth Judicial Circuit in the Court of Common Pleas of Horry County, South Carolina.[2] These lawsuits were brought as a result of alleged construction and design defects at several condominium projects in Myrtle Beach. Since their respective filings, these lawsuits have been transferred and are currently pending before the South Carolina Business Court. [ECF #25-1, p. 3]. Defendants allege that during the time period that the plaintiffs in these state court lawsuits allege the property damage occurred, Defendants were covered by commercial general liability policies of insurance issued by several different insurers, including Plaintiff in this case. [ECF #25-1, p. 5].

On June 11, 2015, Defendant Ocean Keyes also filed a lawsuit in state court against State Auto Property and Casualty Company (the "State Insurance Coverage Lawsuit"), one of the several different insurers, asserting causes of action for declaratory judgment, breach of contract,

---

[2] The lawsuits are as follows: (1) Beach Villas at Ocean Keyes Property Owners Assoc., Inc. v. Ocean Keyes Dev., LLC, et. al., Civil Action No. 2014-CP-26-6573, filed on October 7, 2014 (the "Beach Villas lawsuit"); (2) Harper Ocean Keyes, LLC, et. al. v. Ocean Keyes Dev., LLC, et. al., Civil Action No. 2015-CP-26-4599, filed on June 18, 2015 (the "Harper lawsuit"); (3) Lakeside Townhomes at Ocean Keyes Horizontal Property Regime, Inc., et. al. v. Ocean Keyes Dev., LLC, et. al., Civil Action No. 2015-CP-26-5585, filed on July 24, 2015 (the "Lakeside POA lawsuit"); (4) Seashore Villas at Ocean Keyes Property Owners Assoc., Inc. v. Ocean Keyes Dev., LLC, et. al., Civil Action No. 2015-CP-26-8303, filed on November 18, 2015 (the "Seashore Villas lawsuit").

and bad faith refusal to pay first party benefits related to the alleged structural defect claims.[3] [ECF #26-1, p. 3]. However, Defendant Ocean Keyes did not include Plaintiff QBE as a named insurer in that lawsuit. Defendant Ocean Keyes also did not name another insured, Starr Indemnity & Liability Company ("Starr Indemnity") as an insurer in that lawsuit. On March 31, 2017, Starr Indemnity filed its own declaratory judgment action in this Court.[4] In 2017, approximately a month after Starr Indemnity filed a declaratory judgment action in federal court, Ocean Keyes filed a Motion to Amend Complaint in the State Insurance Coverage Lawsuit, requesting to add Keye Construction as a plaintiff and adding the other insurers, including both Starr Indemnity and Plaintiff QBE, insurance companies which allegedly also issued commercial general liability policies for the construction in question. Like the other underlying lawsuits which are the subject of this insurance coverage dispute, the State Insurance Coverage Lawsuit is currently pending before the South Carolina Business Court. [ECF #25-1, p. 4]. A subsequent review of the docket of the Fifteenth Judicial Circuit in the Court of Common Pleas of Horry County revealed that a hearing was held on the motion to add QBE on August 1, 2017. That state court order, dated September 28, 2017 and filed October 3, 2017, provides that "[a]s a result of the parallel federal Starr and QBE lawsuits," the court would deny Plaintiff's request to join the two insurance companies within that lawsuit. However, the state court order also specified that should the federal court indicate a preference that the state court decide all coverage issues,

---

[3] This lawsuit is Civil Action No. 2015-CP-26-4308, and filed in the Court of Common Pleas of Horry County, South Carolina.

[4] That case is styled *Starr Indemnity & Liability Co. v. Ocean Keyes Development, LLC, et al.*, Case No 4:17-cv-00857-RBH.

4

the state court would reconsider the requested amendments.

Aside from the argument that this Court should abstain from jurisdiction so that the state court can resolve all related litigation, Defendants also argue that Plaintiff's lawsuit before this Court does not seek a determination as to the meaning of Section I.1.c within Plaintiff's insurance policies, a section that Defendants contend affects the coverage determination in the State Insurance Coverage Lawsuit. [ECF #25-1, pp. 4-5]. Defendants contend that this is an issue of first impression under South Carolina state law. Defendants also argue that Plaintiff filed this action in an effort to avoid defense coverage obligations to Defendants Ocean Keyes and Keye Construction in this case.

While Plaintiff does not explicitly seek a determination as to the meaning of that specific section, Plaintiff generally alleges within the Complaint that coverage was not applicable at the time of the alleged property damage and, in any event, would only cover the named insureds. [ECF #1, p. 19]. Thus, it seeks a determination that there is no coverage for the underlying lawsuits based on the terms and conditions of the policies and further seeks a determination as to whether certain exclusions within the policy apply.

## Discussion

Initially, there appears to be some discrepancy over the proper standard for this Court to analyze in considering whether to exercise jurisdiction in this case. The moving Defendants assert that this lawsuit was brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq. seeking a declaration that Plaintiff does not owe a duty to the moving Defendants to indemnify or defend them in the related state court lawsuits. For that reason, the moving Defendants argue

5

that pursuant to the analysis in the *Brillhart/Wilton*[5] line of cases, this Court should decline to exercise jurisdiction. Moving Defendants thus focus on four factors, known as the "Nautilus" factors, that this Court should consider in determining whether to exercise its discretion in the declaratory judgment action:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary entanglement between the state and federal courts; and (4) whether the federal action is mere" procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004)(quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)) (the "*Nautilus* factors").

Plaintiff argues that this case more aptly aligns with the abstention doctrine outlined in *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976) because Plaintiff has brought nondeclaratory judgment claims of rescission and reimbursement of defense costs, in addition to seeking several declaratory judgments from this Court. Indeed, the Fourth Circuit discussed this dichotomy in *VonRosenberg v. Lawrence*, 781 F.3d 731, 732-733 (4th Cir. 2015). In *Lawrence*, the Fourth Circuit found that applying the *Brillhart/Wilton* standard to a federal complaint seeking injunctive or monetary relief (claims which would otherwise be governed under *Colorado River*) would ignore the justification for the two abstention standards. *Lawrence*, 781 F.3d at 735. Accordingly, the Fourth Circuit determined that the *Colorado River* standard was the better model to follow when a Complaint included *both* declaratory and nondeclaratory relief. The

---

[5] *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995).

moving Defendants have not otherwise argued that Plaintiff has brought these additional claims in order to avoid the discretion afforded the courts under the *Brillhart/Wilton* standard. In fact, Defendants did not file a reply brief in response to Plaintiff's abstention analysis under *Colorado River*. Where as here, the Complaint involves matters alleging both declaratory and nondeclaratory relief, this Court will thus look to the abstention doctrine discussed in *Colorado River* for guidance.[6]

Under the *Colorado River* abstention doctrine, a federal court may abstain from exercising jurisdiction over a duplicative action filed in state court for purposes of "wise" judicial administration. *Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). For a federal Court to abstain from hearing a case under *Colorado River*, there must be parallel proceedings in state and federal court and "exceptional circumstances" must warrant abstention. 424 U.S. at 813. Thus, the threshold question in deciding whether *Colorado River* abstention is appropriate is whether there are, in fact, parallel lawsuits. Plaintiff and the moving Defendants disagree as to whether the pending state court actions, including the State Insurance Coverage Lawsuit, are duplicative to this federal action. If parallel suits exist, the district court must then balance several factors which weigh in favor of exercising jurisdiction. *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983).

The Fourth Circuit requires the parties involved in parallel proceedings to be "substantially

---

[6] However, even considering the *Nautilus* factors in this case that Defendants analyzed in their brief, the Court finds that, in its discretion, it should allow this federal action to proceed. By analogy, the Court references it analysis set forth in *Starr Indemnity & Liability Co. v. Ocean Keyes Development, LLC, et al.*, Case No. 4:17-CV-00857-RBH. Similarly here, the Court always reserves the right to stay a case, if at any point, it becomes prudent to do so or to certify a question to the state supreme court to avoid different conflicting federal and state interpretations on novel issues of state law.

7

the same parties." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, (4th Cir. 2005). Further, state and federal claims arising out of similar factual circumstances but differ in scope or involve different remedies may not qualify as parallel. *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, (4th Cir. 2005). Even if the cases are parallel, this Court must then balance several factors to determine whether to exercise jurisdiction. *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 212 (4th Cir. 2006).

Here, Plaintiff QBE has not been included as a party in the State Insurance Coverage Action. In fact, the motion to add QBE as a party (filed two years after the state court action was originally filed) was denied by the state court judge. Thus QBE is not even a party in that lawsuit. If this Court chose to abstain from moving forward with QBE's lawsuit, QBE would be deprived of the opportunity to litigate the claims it now seeks to bring in this lawsuit. Moreover, Plaintiff brings additional nondeclaratory causes of action of rescission and reimbursement of fees and costs, in addition to seeking declaratory judgment as to its obligations to the insured defendants. Thus, it appears that this federal action may also seek relief based on different remedies than those brought forth in state court. Therefore, this Court finds that the state court actions and the federal court actions are not sufficiently parallel for this Court to abstain from jurisdiction.

Nonetheless, even assuming that parallel matters exist, this Court's analysis using the guiding factors still warrants weighing against abstention. Indeed, this Court does not find that the necessary "exceptional circumstances" exist in this case. The factors generally recognized by the Supreme Court to determine whether these exceptional circumstances exist include: (1) whether

8

the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequate of the state proceeding to protect the parties' rights. *Gross*, 468 F.3d 199 at 207-288. The Court will address these factors in turn.

The first two factors do not weigh heavily in favor of or against abstention. With respect to the first factor, neither court has assumed jurisdiction over a dispute regarding ownership of property. Here, the underlying litigation involves allegations of construction defects by several homeowner's associations. Thus this factor is netural. With respect to whether the federal forum is an inconvenient forum, this factor is also neutral. While the majority of the defendants involved in this case, as well as the related cases, conduct business or reside in Horry County, Horry County is within the Florence Division of the United States District Court for the District of South Carolina. While this Court agrees that a state court in Horry County might be closer in proximity to the majority of the Defendants, the federal court's location in Florence, South Carolina does not appear to otherwise work a notable hardship. *See generally Colorado River*, 424 U.S. at 818 (where the federal court remained approximately 300 miles away from the disputed area and the location of the state court).

The third factor is whether the involvement of both the state court litigation and the federal court litigation could create a risk of different tribunals duplicating efforts on considering some of the matters involved in this litigation. For abstention to be appropriate, this Court has

9

previously held that retention of jurisdiction must create a possibility of inefficiency and inconsistent results beyond those already inherent in parallel litigation. *Gordon v. Luksh*, 887 F.2d 496, 497 (4th Cir. 1989). Here, Plaintiff's rescission based on alleged misrepresentations in the application of the policy and reimbursement of defense costs claims based on the alleged misrepresentations are not claims that are going to be analyzed in the State Insurance Coverage Lawsuit. They are specific to this policy. Therefore, while admittedly, this Court agrees that the entirety of this lawsuit may best be suited in front of one forum, the fact remains that Plaintiff's specific claims are not going to be litigated in the state court action, such that abstention is appropriate in this case.

With respect to the fourth factor, the order in which the courts obtained jurisdiction, the facts show that the State Insurance Coverage Lawsuit was filed on June 11, 2015; however, it was not until April 27, 2017 that the plaintiff in that case (Ocean Keyes) sought to try and add QBE as a party. In fact, at no time has Plaintiff QBE been a party in that lawsuit. On June 20, 2017, QBE filed its Complaint in this Court. The state court judge signed an order on September 28, 2017 denying the motion to include QBE in the underlying state court insurance action. Accordingly, the state court has not retained jurisdiction over QBE or its claims at this point, and this factor weighs against abstention.

The fifth factor for this Court to consider is whether state or federal law is implicated in the lawsuit. Plaintiff brought its Complaint pursuant to the federal Declaratory Judgments Act, but also seeks rescission of a contract and its costs of defense. This Court finds this factor to be neutral because arguably either court is equipped to handle this type of insurance litigation.

10

Finally, in considering the final factor, the adequacy of the state proceeding, this Court finds that this factor weigh heavily against abstention because Plaintiff is not involved in the state proceeding and at least one of the claims is not presented in the state action. Accordingly, after a review of the several relevant factors, this Court does not find that "exceptional circumstances" exist to merit abstention in this case.

## Conclusion

The Court has thoroughly reviewed the entire record, including the pleadings, Defendants' Motion to Dismiss or in the Alternative, Stay Proceedings [ECF #25], as well as the support briefs, and Plaintiff's response to the Motion [ECF #32], and the applicable law. For the reasons stated above, the moving Defendants' Motion to Dismiss or Stay [ECF #25] is **DENIED** at this time, however, the Court always reserves the right to stay a case at any time it deems it prudent to do so.

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
December 11, 2017  R. Bryan Harwell
 United States District Judge